RUBIO, PLAINTIFF AND RESPONDENT, *v.* CHARVOUNIER, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an action of unlawful detainer.

No. 1075.—Decided April 24, 1914.

APPEAL—STATEMENT OF CASE.—When the transcript of the record contains a statement of the case which lacks the approval of the trial judge, it cannot be considered and is the same as if it had not been presented.

ID.—OPINION OF TRIAL COURT—JUDGMENT—STATEMENT OF CASE.—The facts set forth in the opinion of the trial judge as established at the trial cannot be taken as a basis by the appellate court for deciding whether the court committed an error of law in the judgment, for, in the supposition that the said facts did not justify the decision appealed from, other facts unknown to the appellate court on account of the lack of a statement of the case may have been brought out at the trial which would support the judgment.

The facts are stated in the opinion.

*Mr. Antonio Trujillo* for the respondent.

*Messrs. Luis Muñoz Morales* and *José Martínez Dávila* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On July 15, 1913, Josefa Rubio brought an action of unlawful detainer against Dolores Charvounier, alleging as fundamental grounds for her action that she is the usufructuary of a lot belonging to the Succession of Guerra situated on Hormiguero Street of the ward of Santurce, municipal district of San Juan, and that the defendant, without the consent of the plaintiff, has built a frame house thereon and detains the possession of the said lot at sufferance, wherefore she prays that the defendant be ordered to vacate the said lot.

The defendant, Dolores Charvounier, denied the allegations of the complaint and alleged as new matter that with the consent and at the express order of the representatives of the Succession of Guerra she moved a house built of native lumber belonging to her to a lot owned by the said succession on Hormiguero Street and that therefore she occupies the said lot as lessee of the said succession, to whose agent she pays the corresponding rent.

A trial was had and the court rendered judgment for the plaintiff on September 13, 1913, ordering the defendant to vacate the lot in controversy within a period of twenty days, under penalty of being evicted by the marshal upon her failure to vacate, and to pay the costs of the action.

The defendant appealed from that judgment to this court and stated in her brief that the only questions of law to be considered and decided in the appeal are the following: (1) Whether the possession of a lessee may be disturbed by the owner himself; (2) whether the lessee has an action against the disturber or against the owner; (3) whether in the case there are the requisites or facts necessary to support an action of unlawful detainer. And taking as a guide the facts which she considers proven at the trial, she reached the con-

clusion that the law was erroneously applied by the court, that the judgment appealed from should be reversed and the action of unlawful detainer dismissed without prejudice to the bringing of the corresponding action by the plaintiff to enforce the priority of her title as lessee.

In the record there appears a so-called statement of the case, but it is signed by the attorney for the appellant only and lacks the approval of the judge. This we cannot consider, and it is the same as if it had not been presented. *Successors of Andreu & Co.* v. *Estate of Martínez,* 16 P. R. R., 77; *Axtmayer* v. *Ortiz,* 19 P. R. R., 476.

Complying with the provisions of section 227 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, the judge below made out a statement of the case, which appears in the record, setting forth the facts as he found them to have been established at the trial and giving the reasons on which he based his decision, but we cannot take those facts as a basis from which to deduce whether the court erred in its application of the law, for in the supposition that the said facts did not justify his decision (and this we do not discuss), other facts unknown to us may have been brought out at the trial which would justify it. *Díaz Caneja* v. *The Administration,* 11 P. R. R., 194. In the statement of facts the trial court only set forth its special findings from the evidence as a whole, and as its weighing of the evidence may be erroneous or deficient, this cannot be taken as a basis for reversing the judgment as prayed.

Sections 214 and 216 of the Code of Civil Procedure and section 299 as amended by Act No. 70 of March 9, 1911, already cited, prescribe the special manner in which the evidence introduced in the lower court shall be presented to the Supreme Court on appeal and it is not arbitrary in the parties to the suit to change the rules of procedure nor can the courts sanction such a change.

Having considered the allegations of the complaint and of the answer in relation to the judgment appealed from and

eliminating, as we must, the so-called statement of the case, we must reach the conclusion that the facts and the law favor the plaintiff, the contrary not having been shown in the proper manner, and that therefore the judgment appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.